KARTHIK K. MURTHY – State Bar No. 343,960
K@MurthyPatentLaw.com
MURTHY PATENT LAW INC.
3984 Washington blvd.
Suite 324
Fremont, CA 94538
Telephone: (425) 968-5342
Facsimile: (425) 215-0247

Attorneys for Plaintiff

Steve Johnson

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVE JOHNSON,<br><br>      Plaintiff,<br><br>   v.<br><br>CHIAPPA FIREARMS, USA, LTD, an Ohio corporation, and CHIAPPA FIREARMS, S.r.i., an Italian Corporation<br><br>      Defendants. | Case No:<br><br>**COMPLAINT FOR PATENT INFRINGEMENT, BREACH OF CONTRACT AND COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

# TABLE OF CONTENTS

| | Page |
|---|---|
| COMPLAINT FOR PATENT INFRINGEMENT AND BREACH OF CONTRACT | 3 |
| PARTIES | 3 |
| JURISDICTION | 4 |
| THE ASSERTED PATENT | 4 |
| DEFENDANT'S INFRINGING USE | 6 |
| MARKING | 7 |
| THE ASSERTED COPYRIGHT | 7 |
| FIRST CLAIM FOR RELIEF | 8 |
| (Infringement of the '063 Patent) | 8 |
| SECOND CLAIM FOR RELIEF | 9 |
| THIRD CLAIM FOR RELIEF | 10 |
| PRAYER FOR RELIEF | 11 |
| DEMAND FOR JURY TRIAL | 11 |

## COMPLAINT FOR PATENT INFRINGEMENT AND BREACH OF CONTRACT

Plaintiff Steve Johnson ("Plaintiff" or "Johnson"), for its complaint against Defendant Chiappa Firearms, S.r.i. ("Chippa Italy") and Defendant Chiappa Firearms USA, LTD. ("Chiappa USA") (together "Defendants"), hereby demands a jury trial and alleges as follows:

## NATURE OF ACTION

1. This is an action for patent infringement of United States Patent No. 6,935,063 ("the '063 Patent") (the "Patent-in-suit"), arising under the patent laws of the United States of America, Title 35 of the United States Code, and seeking damages and other relief under 35 U.S.C. § 271, *et seq*.

2. This is also an action for breach of contract under the laws of Tennessee, because Defendants incorrectly charged Plaintiff twice for a purchase of a gun.

3. This is also an action for copyright infringement of registered copyright VA0002408217 "Triple-Barrel Shotgun", arising under the copyright laws of the United States of America, Title 17 of the Untied States Code, and seeking damages and other relief under 17 U.S.C. § 504, *et seq*.

## PARTIES

4. Plaintiff is a Tennessee based company, and has a regular and established place of business at 418 Christian Bend Road, Church Hill, Tennessee 37642.

5. Defendant, Chiappa USA is an Ohio corporation with its principal place of business at 1415 Stanley Ave, Dayton, Ohio 45404.

6. Defendant, Chiappa USA is principally owned by Defendant, Chiappa Italy, an Italian corporation, which manufactures firearms for distribution worldwide.

7. Defendant, Chiappa USA manufactures firearms and is the exclusive distributor of Chiappa firearms sold in the United States.

8. Chiappa Italy has its principal place of business at Via Antonio Pasinetti, 27, 25124 Brescia, Italy.

9. On information and belief, there may be other corporate affiliates of Chiappa who participated in the infringing acts complained of herein. The identities of such affiliates are currently unknown, because publicly available information does not permit the identification of each affiliate who participated in the infringing acts. Plaintiff expects the identities of such affiliates to be revealed in discovery. Plaintiff reserves the right to amend this Complaint to name such affiliates, if necessary, once they have been revealed.

## JURISDICTION

10. This is an action for infringement of claims of U.S. Patent No. 6,935,063, entitled "Triple-Barrel Shotgun", which was duly issued by the United States Patent and Trademark Office on August 30, 2005 ("the '063 patent"). A true and accurate copy of the '063 patent is attached as Exhibit 1 to this Complaint.

11. This Court has subject matter jurisdiction over the parties pursuant to 28 U.S.C. §§1331 and 1338(a), because the claims arise under the patent laws of the United States, 35 U.S.C. §§1, *et seq*.

12. This Court has specific personal jurisdiction over Defendant because, on information and belief, Defendant has directly infringed the Asserted Claims by using the Accused Instrumentalities (as defined below) within California, including within this judicial district.

## VENUE

13. Venue is proper over the Defendant in this judicial district under 28 U.S.C. §§1391 and/or 1400(b), for at least the following reasons:

14. Venue is proper over Chiappa USA and Chiappa Italy because on information and belief, Chiappa USA and Chiappa Italy have committed direct infringement in this district, including by using Accused Instrumentalities in connection with its provision of services to customers in this district, and/or by using Accused Instrumentalities directly within this district.

## THE ASSERTED PATENT

15. Steve Johnson is the sole named inventor of the '063 patent.

4
COMPLAINT

16. On April 26, 2004, Steve Johnson filed with the United States Patent and Trademark Office ("USPTO") Non-Provisional Patent Application no. 10/830,995 (the '995 application) directed to his inventions. On August 30, 2005, the USPTO issued the '063 patent from the '995 application. The '063 patent is entitled "Triple-barrel shotgun".

17. The '063 patent is valid and enforceable. The '063 patent claims patent-eligible matter.

18. The April 1, 2005 "Notice of Allowance and Fees Due (PTOL-85)" and "Notice of Allowability" are attached as Exhibits 2 and 3 to the Complaint.

19. Chiappa USA and Chiappa Italy have actual knowledge of the '063 patent at least as of July 1, 2020 when Chiappa USA signed a license with Johnson. Chiappa USA and Chiappa Italy likely had knowledge of the '063 patent before this date as well.

20. A copy of this July 1, 2020 license is attached as Exhibit 4 to this Complaint.

21. The entire right, title, and interest in and to the '063 patent, including all rights to past damages, is assigned to Steve Johnson. No assignment needs to be recorded with the USPTO, because without an assignment, title rests with the inventor.

22. The asserted claims of the '063 patent are not systems and method claims. One of these is claim 1, an independent claim. Claim 1 is reproduced below:

> A break down shotgun, comprising:
>
> a stock,
>
> three barrels supported by said stock, wherein said three barrels receive three shotgun shells, and
>
> a firing mechanism supported by said stock for firing the three shotgun shells,
>
> wherein said three barrels are arranged in a triangular form pointing upward, having two bottom barrels side by side and one top barrel resting on top of said two bottom barrels and centrally located between said two bottom barrels,
>
> said shot gun further including:
>
> a shell elector and arm assembly, supported by said stock, for electing three shotgun shells from said three barrels,

wherein said firing mechanism includes three sears and three hammers and at least one trigger,

wherein said hammers can move in a forward motion to engage a firing pin for a selected barrel,

further including a barrel selector and safety trigger locking mechanism supported by said stock, and

further including interchangeable choke tubes received by said three barrels.

The lines "wherein said three barrels are arranged in a triangular form pointing upward, having two bottom barrels side by side and one top barrel resting on top of said two bottom barrels and centrally located between said two bottom barrels" disclose the inventive concept of the '063 patent.

## DEFENDANT'S INFRINGING USE

23. On information and belief, Chiappa USA and Chiappa Italy and/or their affiliates, have directly infringed each Asserted Claim of the '063 patent, by making, using, selling and offering to sell, and by inducing and contributing to others' infringement through their sales, offers for sale, and use of triple barrel shotguns and other products depicted on Defendant's websites and sold on third party websites ("the Accused Products") within the United States, all without authorization or license from Plaintiff within the United States, less than six years before the filing of this Complaint, and prior to the April 26, 2024 expiration date of the '063 patent (the "Relevant Time Period").

24. On information and belief, Defendants own the "Charles Daly" trademark[1].

25. Charles Daly sells infringing triple barrel shotguns, as shown on their website https://www.charlesdaly.com/category/gun/shotgun/triple-barrel (screenshot attached as Exhibit 7).

---

[1] Websites indicating that Chiappa USA owns Charles Daly are: https://en.wikipedia.org/wiki/Charles_Daly_firearms (screenshot attached as Exhibit 5), https://www.americanrifleman.org/content/charles-daly-over-100-years-of-importing-firearms/ (screenshot attached as Exhibit 6)

26.     On information and belief Defendants sold infringing products at the Shot Show in Las Vegas on January 20-21, 2024.

27.     Defendants infringed by selling infringing products before the April 26, 2024 expiration and then not paying royalties to Plaintiff. Defendants have told Plaintiff that since the orders were not completed before April 26, 2024, that Plaintiff is not owed any royalties. However, selling and offering to sell are activities that infringe a patent. Therefore, Defendants are liable for patent infringement or alternatively payment of owed royalties under the license agreement as shown in Exhibit 4.

## MARKING

28.     Upon information and belief, Plaintiff believes that Chiappa USA failed to mark infringing products sold under license at least as early as the Shot Show in Las Vegas on January 20-21, 2024.

## THE ASSERTED COPYRIGHT

29.     Plaintiff owns registered copyright VA0002408217 "Triple-Barrel Shotgun", attached as Exhibit 8. This copyright covers the images of the '063 Patent.

## DEFENDANT'S INFRINGING USE

30.     Upon information and belief, Defendant sold products that were identical to the design displayed in Plaintiff's registered copyright VA0002408217.

31.     Charles Daly sells infringing triple barrel shotguns, as shown on their website https://www.charlesdaly.com/category/gun/shotgun/triple-barrel (screenshot attached as Exhibit 7) and https://www.charlesdaly.com/category/gun/other/triple-barrel (screenshot attached as Exhibit 9.

32.     Upon information and belief, the products shown in Exhibit 9 are particularly nefarious because Plaintiff believes that Defendant deliberately removed parts called "screen in chokes"

so as to avoid patent infringement. However, such products still infringe Plaintiff's registered copyright.

33. On information and belief Defendants also sold infringing products at the Shot Show in Las Vegas on January 20-21, 2024.

34. On information and belief Defendants continue to sell infringing products online and in person.

## FIRST CLAIM FOR RELIEF

### (Infringement of the '063 Patent)

35. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-34 above as if fully set forth herein and further alleges:

36. Defendants have committed direct infringement of each Asserted Claim of the '063 patent, in violation of 35 U.S.C. § 271(a), by manufacturing, offering to sell and selling the produce described in the Asserted Claim in the U.S., during the Relevant Time Period.

37. Defendants have infringed and continue to infringe each Asserted Claim of the '063 Patent by making, using, selling and offering to sell, and by inducing and contributing to others' infringement through their sales, offers for sale, and use of the Accused Products, all without authorization or license from Plaintiff. There is no need for a claim chart because Plaintiff and Chiappa USA had a license regarding the '063 patent, and Chiappa USA has deliberately broken that license.

38. On information and belief, Plaintiff alleges Defendant has been, and is currently, infringing the '063 patent in violation of 35 U.S.C. § 271. Defendant's acts of infringement include direct infringement and infringement under the Doctrine of Equivalents.

39. Defendant has continued their infringement despite having notice of the '063 Patent. Defendant has committed and is committing willful and deliberate patent infringement. On information and belief Plaintiff alleges Defendant's acts of willful and deliberate infringement will continue after service of this Complaint, rendering this case appropriate for treble damages under 35 U.S.C. §284 and making this an exceptional case under 35 U.S.C. §285.

40. Plaintiff is informed and believes, and on that basis alleges, that Defendant has gained profits by virtue of their infringement of the '063 Patent.

41. Defendant's acts of infringement are and have been without Plaintiff's permission, consent, authorization or license. Defendant's acts of infringement have caused and continue to cause damage to Plaintiff. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts, together with interest and costs as fixed by this Court under 35 U.S.C. §284.

42. As a direct and proximate result of Defendant's infringement of the '063 Patent, Plaintiff has, and will suffer, monetary damages and irreparable injury. Plaintiff's monetary damages include, without limitation, lost profits, or at a minimum, the right to recover a reasonable royalty. Furthermore, unless Defendant is enjoined by this Court from continuing its infringement of the '063 Patent, Plaintiff has, and will suffer, additional irreparable damages and impairment of the value of its patent rights. Thus, an injunction against further infringement is appropriate.

## SECOND CLAIM FOR RELIEF

### (Breach of Contract)

43. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-42 above as if fully set forth herein and further alleges:

44. Plaintiff is informed and believes, and on that basis alleges, that Defendants charged Plaintiff twice for the purchase of a gun. Plaintiff is allowed a discounted price to purchase guns, as shown in the agreement in Exhibit 4.

45. Upon information and belief, Defendants lowered the royalty payment owed to Plaintiff by $1400, a higher price and a second charge for a gun Plaintiff purchased at a discounted price.

46. As a direct result of Defendant's actions, Plaintiff did not receive $1400. Thus, damages in this amount are appropriate.

# THIRD CLAIM FOR RELIEF

**(Copyright Infringement, 17 U.S.C. §501 et seq. of the VA0002408217 Copyright)**

47. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-46 above as if fully set forth herein and further alleges:

48. Plaintiff's Copyright constitutes copyrightable subject matter under 17 U.S.C. §§ 101 and 102.

49. Defendants were not, and are not licensed or otherwise authorized to distribute, transmit, advertise, copy or display triple barrel shotguns that infringe Plaintiff's registered copyright.

50. Defendants have infringed Plaintiff's copyrights, through the distribution, transmission, copying or public display of the triple barrel shotguns.

51. On information and belief, the infringements of Plaintiff's copyrights by Defendants was willful. Defendants were aware that they had no license to sell triple barrel shotguns that infringe Plaintiff's registered copyright. Defendant's continued distribution, transmission, copying, public display, and use of the triple barrel shotguns that infringe Plaintiff's registered copyright, and Defendant' refusal to cease distribution and display of the triple barrel shotguns that infringe Plaintiff's registered copyright, are evidence of Defendants' willful infringement. At a minimum, Defendants' actions were reckless.

52. As a direct and proximate result of Defendant's unlawful conduct, Defendant is liable to Plaintiff for copyright infringement. Plaintiff has suffered and will continue to suffer, substantial losses including, without limitation, lost profits, lost royalties and damage to his business reputation and goodwill. Plaintiff is entitled to recover his losses, plus all profits Defendant has made as a result of their wrongful conduct, pursuant to 17 U.S.C. § 504(b).

53. Plaintiff is also entitled to future royalties on ongoing and future sales of infringing products.

54. As an alternative to actual damages plus Defendant's profits, Plaintiff is entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 for each infringement, or other such amounts as may be proper pursuant to 17 U.S.C. § 504(c).

55. Plaintiff is entitled to his attorney's fees and costs pursuant to 17 U.S.C. § 505.

56. On information and belief, Defendant can and may continue their infringing activities unless restrained and enjoined. Plaintiff's remedy at law is not by itself adequate to compensate him for the harm inflicted and threatened by Defendant. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to preliminary and permanent injunctions prohibiting further infringement of Plaintiff's copyrights.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment against each Defendant as follows:

A. That each Defendant has infringed and is infringing the '063 Patent;

B. That such infringement is willful;

C. That defendant be ordered to pay Plaintiff damages caused by said Defendant's infringement of the '063 Patent and that such damages be trebled in accord with 35 U.S.C. § 284, together with interest thereon;

D. That this case be declared exceptional pursuant to 35 U.S.C. § 285 and that Plaintiff be awarded reasonable attorney's fees and costs;

E. That the Court enter a judgment against the Defendant that the Defendant breached its contract and owes damages to Plaintiff for that breach;

F. That the Court enter a judgment against the Defendant that the Defendant has willfully infringed Plaintiff's rights in his federally registered Copyrighted Images referenced herein; and

G. That Plaintiff shall have such other and further relief as this Honorable Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, Steve Johnson, hereby demands a jury trial on *all* of his claims, causes of action and issues that are triable by jury.

Dated: February 11, 2025            **MURTHY PATENT LAW INC.**

By:  */s/ Karthik K. Murthy*
Karthik K. Murthy
K@MurthyPatentLaw.com
3984 Washington Blvd.
Suite 324
Fremont, CA 94538
Telephone: (425) 968-5342
Facsimile: (425) 215-0247

*Attorneys for Plaintiff*
Steve Johnson